UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRY HARDIN,            )
                         )
         *Petitioner,*   )
                         )     Cause No. 3:16-cv-363 RLM
    v.                   )     (Arising from 3:08-cr-9 RLM)
                         )
UNITED STATES OF AMERICA,)
                         )
         *Respondent.*   )

OPINION AND ORDER

Petitioner Larry Hardin pleaded guilty to possessing with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1), (b), and possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). This matter is before the court on Mr. Hardin's motion to vacate and correct his sentence under 28 U.S.C. § 2255. For the reasons that follow, the court denies Mr. Hardin's motion.

I. BACKGROUND

Mr. Hardin pleaded guilty to possessing with intent to distribute more than five grams of cocaine base, 21 U.S.C § 841(a)(1), and possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). He had two relevant prior felony convictions, one for dealing in a sawed-off shotgun and another for resisting law enforcement. The court considered both to be "crimes of violence" under the Federal Sentencing Guidelines. U.S.S.G. § 4B1.2. Because of the prior convictions, the court considered Mr. Hardin a "career offender," enhancing his base offense level to 34. U.S.S.G. § 4B1.1. With a three-level reduction for acceptance of

responsibility, U.S.S.G. § 3E1.1, his final adjusted offense level was 31. The guidelines recommended a sentence of 188 to 235 months. U.S.S.G. § 5A. The court sentenced him to 188 months for the drug possession and 120 months for the firearm possession, to be served concurrently.

As part of his plea agreement, Mr. Hardin agreed to the following waiver:

> I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742, *or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255*[.]

Pet. to Enter a Plea of Guilty, ¶ 9(e) (emphasis added).

On June 26, 2015, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson concerned the Armed Career Criminal Act, which imposes a fifteen-year mandatory minimum sentence for a defendant who committed three prior "violent felonies." The statute defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the "elements clause"]; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives [known as the "enumerated offenses clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the "residual clause"];

18 U.S.C. § 924(e)(2)(B). Johnson held that the residual clause is unconstitutionally vague under the Due Process Clause, U.S. CONST. amend. V.

2

Johnson announced a substantive rule retroactively applicable to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Mr. Hardin wasn't sentenced under the residual clause of the definition of "violent felony" in the ACCA, but under identical language in § 4B1.2 of the guidelines defining "crime of violence." Mr. Hardin argues that neither dealing in a sawed-off shotgun nor resisting law enforcement is a "crime of violence" under § 4B1.2 because each isn't a "crime of violence" under the elements clause, § 4B1.2(a)(1), or the enumerated offenses clause, § 4B1.2(a)(2), and the residual clause, § 4B1.2(a)(2), is unconstitutional under Johnson.[1] As a result, he says he shouldn't have been subject to § 4B1.1's career offender enhancement. Mr. Hardin filed a petition under 28 U.S.C. § 2255 asking that his sentence be vacated and that he be resentenced without the career offender enhancement.

II. STANDARD OF REVIEW

A person convicted of a federal crime can challenge his sentence on grounds that the sentence violates the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Mr. Hardin filed his motion to correct his sentence within one year of when "the right asserted was initially recognized by the Supreme Court" in United States v. Johnson, 135 S. Ct. 2551 (2015) and "made

---

[1] Indeed, while Mr. Hardin awaited this order, the court of appeals held that the residual clause of § 4B1.2(a)(2) violates the Due Process Clause because it's "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." United States v. Hurlburt, 835 F.3d 715, 720 (7th Cir. 2016) (quoting Johnson, 135 S. Ct. at 2556).

3

retroactively applicable to cases on collateral review" in Welch v. United States, 136 S. Ct. 1257 (2016).

An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. After reviewing Mr. Hardin's petition and the record of this case, the court concludes that the factual and legal issues raised can be resolved on the record, so no hearing is necessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where the record conclusively demonstrates that a petitioner is entitled to no relief on § 2255 motion).

III. DISCUSSION

The court can't reach the merits of Mr. Hardin's petition because the appeal waiver prevents him from raising them.

"We will enforce an appeal waiver in a plea agreement if the terms of the waiver are clear and unambiguous and the defendant knowingly and voluntarily entered into the agreement." United States v. Worden, 646 F.3d 499, 502 (7th Cir. 2011). "To bar collateral review, the plea agreement must clearly state that the defendant waives his right to collaterally attack his conviction or sentence in addition to waiving his right to a direct appeal." Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (italics omitted). "[A] defendant's freedom to waive his appellate rights includes the ability to waive his right to make constitutionally-based appellate arguments" and "preclude appellate review even of errors that

are plain in retrospect." United States v. Smith, 759 F.3d 702, 707 (7th Cir. 2014).

Mr. Hardin's appeal waiver was knowing and voluntary. He stated during the change of plea hearing that he understood he was giving up any opportunity to challenge his sentence. These sworn statements at the change of plea hearing are presumed truthful. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The waiver explicitly says that by pleading guilty, Mr. Hardin waives his right to contest his sentence in "any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255." The waiver was knowing and voluntary and the current claim falls within its scope, so the waiver "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

There are limited exceptions to this rule. A court will disregard the waiver if "the district court relied on a constitutionally impermissible factor (such as race), the sentence exceeded the statutory maximum, [ ] the defendant claims ineffective assistance of counsel in connection with the negotiation of the plea agreement," Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011), or Mr. Hardin was "depriv[ed] of some minimum of civilized procedure (such as if the parties stipulated to trial by twelve orangutans)," United States v. Adkins, 743 F.3d 176, 192-193 (7th Cir. 2014).

None of these exceptions apply. As already discussed, the waiver was voluntary. Mr. Hardin was sentenced based on his crime and his criminal history, not a constitutionally impermissible factor. The sentence was within the

5

statutory maximum. Mr. Hardin was represented at the time he pleaded guilty and doesn't challenge his attorney's performance. Last, nothing suggests that Mr. Hardin signed onto an uncivilized procedure. That is enough to close the door on Mr. Hardin's collateral attack.

Mr. Hardin argues that the court relied on a constitutionally impermissible factor in sentencing: the consideration of his prior felony as a "crime of violence." In the same way a judge can't look to the race of the defendant as a factor in sentencing, he says, under Johnson a judge can't look to whether the defendant committed a "crime of violence" under the residual clause. The former violates the defendant's right to equal protection and the latter violates due process.

The "constitutionally impermissible factor" exception would only come into play here if it was unconstitutional for the court to consider Mr. Hardin's prior conviction for robbery at all. The fact of the prior conviction is a perfectly permissible consideration, even if Mr. Hardin is correct that its label as a "crime of violence" is unconstitutional. The fact of the defendant's race, in contrast, is never a permissible consideration.

Building the manner in which the court characterizes a fact that is perfectly constitutional for consideration into the "constitutionally impermissible factor" exception would undercut most § 2255 waivers. *See* United States v. Behrman, 235 F.3d 1049, 1051 (7th Cir. 2000) ("Because almost every argument in a criminal case may be restated in generic constitutional form . . . , a 'constitutional-argument exception' would vitiate most waivers of appeal and all waivers of collateral attack."); United States v. Bownes, 405 F.3d 634 (7th Cir.

6

2005) (holding that appeal waiver prevented constitutional argument for resentencing when initial sentencing occurred prior to United States v. Booker, 543 U.S. 220 (2005)). The court of appeals has enforced an appeal waiver against a Johnson-based challenge not to the petitioner's sentence under the guidelines, but to the constitutionality of the conviction itself. *See* United States v. Worthen, No. 15-3521 (7th Cir. Nov. 28, 2016). Mistake in designating a defendant as convicted of a "crime of violence" isn't sufficient ground to ignore a knowing and voluntary waiver.

Mr. Hardin also argues that his claim fits into another exception rendering appeal waivers unenforceable: if enforcement works a "miscarriage of justice." *See, e.g.*, United States v. Grimes, 739 F.3d 125, 128-129 (3d Cir. 2014). Our court of appeals limits waiver exceptions to those just described, *see* United States v. Smith, 759 F.3d 702, 706 (7th Cir. 2014) (holding that the prior exceptions are "the only sorts of grounds which we have indicated may be sufficient to overcome a broad appellate waiver such as the one knowingly and voluntarily agreed to"), and has rejected attempts to circumvent waivers on grounds that developments in the law render a portion of the sentencing court's rationale unconstitutional, *see* United States v. Bownes, 405 F.3d at 636 ("By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one."); United States v. McGraw, 571 F.3d 624, 631 (7th Cir. 2009) ("By entering into an appeal waiver that did not include an escape hatch of the kind we contemplated in *Bownes*,

McGraw relinquished his right to challenge his sentence based on intervening Supreme Court decisions.").

Even if the court of appeals adopted a general "miscarriage of justice" exception, it isn't clear the exception would release Mr. Hardin from his waiver. *See* United States v. Blackwell, 651 F. App'x 8, 10 (2d Cir. 2016) ("Because Blackwell's sentence conformed to his plea agreement, he received the benefit of that agreement and he has waived any challenge to his sentence on the basis of Johnson."); United States v. Ford, 641 F. App'x 650 (8th Cir. Apr. 1, 2016) (enforcing appeal waiver to claims that "the district court misapplied the career-offender provisions of the Guidelines, in light of Johnson"). That Narvaez v. United States, 674 F.3d 621, 629 (7th Cir. 2011) recognizes that an error branding someone as a career offender "constitutes a miscarriage of justice" doesn't mean that it creates a "miscarriage of justice" exception to appeal waivers or that this case would fall into one.

There is great harm to an unlawful sentencing guideline. *See* United States v. Hurlburt, 835 F.3d 715, 727 (7th Cir. 2016) (explaining how the guidelines "anchor" a judge's sentencing evaluation). Other courts might allow an implicit escape hatch from the waiver where the crime the defendant was convicted of or the sentencing guideline is unlawful. *See* United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001) (holding that waivers are presumptively valid but subject to exception where broader "miscarriage of justice" occurs); United States v. Grimes, 739 F.3d 125, 130 (3d Cir. 2014) (same). Others wouldn't allow Mr. Hardin's attack even with a "miscarriage of justice" exception. *See* United States

8

v. Johnson, 410 F.3d 137, 151-153 (4th Cir. 2005) (recognizing miscarriage exception but finding no exception where law changes in defendant's favor); United States v. Andis, 333 F.3d 886, 892 (8th Cir. 2003) (holding that any sentence within statutory limit isn't miscarriage and citing Bownes); United States v. Hahn, 359 F.3d 1315, 1327 (10th Cir. 2004). In any event, an implicit escape hatch isn't the law here. United States v. McGraw, 571 F.3d 624, 631 (7th Cir. 2009); United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005).

The government and Mr. Hardin adopted the waiver knowingly and voluntarily as understood by our precedent. No exceptions apply. Mr. Hardin is bound by the waiver and this court won't reach the merits of his argument.

IV. CERTIFICATE OF APPEALABILITY

Issuance of a certificate of appealability requires the court to find that Mr. Hardin has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has done so and a certificate of appealability is issued.

Reasonable jurists might disagree with this court's conclusion. Even though United States v. Bownes, 405 F.3d 634 (7th Cir. 2005) enforced the appeal waiver of a defendant given a within-guideline sentence before United States v. Booker, 543 U.S. 220 (2005), Bownes doesn't address whether a waiver is enforced if the guidelines that anchor the sentence are themselves invalid. Outside developments in the law might encourage the appeals court to revise its interpretation of whether a defendant can ever waive rights unknown at the time of the waiver. *See* United States v. McBride, 826 F.3d 293, 294-295 (6th Cir.

9

2016) (holding that defendant agreeing to career offender designation didn't waive a Johnson-based challenge because "a defendant can abandon only *known rights*," so he "could not have intentionally relinquished a claim based on *Johnson*, which was decided after his sentencing"). Other district court decisions discard appeal waivers within circuits that recognize exceptions for "miscarriage of justice," *see, e.g.*, United States v. Swerdon, No. 3:16cv313, 2016 WL 4988065 (M.D. Pa. Sept. 19, 2016), or constitutional challenge, *see, e.g.*, United States v. Hoopes, No. 3:11-cr-425-HZ, 2016 WL 3638114 (D. Or. July 5, 2016).

V. Conclusion

Based on the foregoing, the court DENIES Mr. Hardin's § 2255 motion to vacate and correct his sentence [Doc. No. 109] and issues a certificate of appealability with respect to whether a collateral attack waiver bars a challenge under Johnson v. United States, 135 S. Ct. 2551 (2015).

SO ORDERED.

ENTERED:  December 2, 2016

                                     /s/ Robert L. Miller, Jr.
                                     Judge
                                     United States District Court